UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALTER H. CARY, III,

        Plaintiff,

v.                                                    Case No. 3:18-cv-989-J-39JRK

DETENTION DEPUTY HANNAH,
et al.,
        Defendants.
_____

## ORDER

This case is before the Court on limited remand from the Eleventh Circuit to determine "whether [Plaintiff/Appellant] merits reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6)." <u>See</u> Order of USCA (Doc. 9; Remand Order). Plaintiff filed his pro se Civil Rights Complaint on August 8, 2018 (Doc. 1). On October 1, 2018, this Court dismissed Plaintiff's case without prejudice under 28 U.S.C. § 1915(e)(2)(B) for abuse of the judicial process. <u>See</u> Order (Doc. 5). On the same day, the Clerk entered judgment (Doc. 6) and mailed Plaintiff copies of the dismissal order and judgment.[1] To timely appeal, Plaintiff would have had to file a notice of appeal by October 31, 2018. <u>See</u> Fed. R. App. P. 4(a)(1)(A) (stating that a notice of appeal must be filed within thirty days of entry of judgment). Plaintiff's Notice of Appeal was mailed from the Clay County Jail on December 19, 2018.[2]

---

[1] Copies were sent to Plaintiff at the Clay County Jail, where he was detained when he filed his Complaint. The docket reflects the copies mailed to Plaintiff were not returned to the Court as undeliverable. <u>See</u> docket.

[2] Pursuant to Federal Rule of Appellate Procedure 4(c)(1), Plaintiff, who is a pretrial detainee, receives the benefit of the "mailbox rule." Thus, although the docket reflects a

The Eleventh Circuit liberally construes Plaintiff's Notice of Appeal "as a motion to reopen the time for appeal" under Rule 4(a)(6) because Plaintiff represented "he had recently been released from solitary confinement, where he was subject to a 'blackout in correspondence' with the court." See Remand Order at 1. To comply with the Eleventh Circuit's Remand Order, this Court directed the Clay County Sheriff's Office (CCSO) to provide mail logs, if available, and to confirm Plaintiff's dates of incarceration. See Order (Doc. 10). The Court also ordered Plaintiff to file an affidavit stating the date on which he received copies of the dismissal order and judgment. Id.

Detention Director Chris Coldiron responded on behalf of the CCSO (Doc. 12; Coldiron Letter). Director Coldiron states the CCSO does not maintain mail logs for incoming inmate correspondence. See Coldiron Letter at 1. However, he was able to confirm Plaintiff's dates of incarceration. Of relevance, Plaintiff was released from custody on September 22, 2018, but was subsequently returned to CCSO custody on December 7, 2018. Id. Accordingly, Plaintiff was not being held on October 1, 2018, when the Clerk mailed him copies of the dismissal order and judgment. See id. In his responsive Affidavit (Doc. 11; Affidavit), Plaintiff swears under penalty of perjury that, after his release on September 22, 2018, he went to the CCSO on at least five occasions to collect his mail, but he did not receive the dismissal order and judgment entered in this case. See Affidavit at 1. Plaintiff asserts he was held in confinement from August 5 through September 21, 2018, and again from December 7 through December 9, 2018, implying he was unable to receive mail during those periods. See id.

---

filing date of December 21, 2018, the Court utilizes the mailing date as the date of Plaintiff's filing.

Federal Rule of Appellate Procedure 4(a)(6) provides the district court may reopen the time to file an appeal for a period of fourteen days only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Upon review, the Court finds Plaintiff did not receive notice of the entry of the Court's judgment within 21 days after entry. The Clerk entered judgment on October 1, 2018 and mailed copies to Plaintiff the same day. Even though the copies were not returned as undeliverable, it is clear Plaintiff was no longer being detained on October 1, 2018, see Coldiron Letter at 1, and Plaintiff swears that despite attempts to retrieve his legal mail from CCSO, he did not receive a copy of the judgment. See Affidavit at 1. Plaintiff does not say on what date he received notice of the Court's entry of judgment. However, it appears Plaintiff did not receive notice of entry of the judgment until after he was detained again on December 7, 2018, and possibly not until his release from confinement on December 9, 2018. Even assuming Plaintiff received notice of the entry of judgment on the day he was detained, December 7, 2018, he filed his Notice of Appeal within 14 days of receiving such notice, on December 19, 2018.

Accordingly, the Court finds Plaintiff is entitled to relief under Rule 4(a)(6) because the record demonstrates he did not receive notice of the judgment within 21 days of its

entry, and Plaintiff filed his Notice of Appeal within 14 days of receiving notice of the judgment's entry. Moreover, the Court finds no party would be prejudiced by the re-opening of the time for appeal. Indeed, because the Court dismissed Plaintiff's Complaint prior to directing service of process pursuant to its screening obligation under § 1915(e)(2)(B), the only party to the action is Plaintiff.

The **Clerk** shall return the case to the Eleventh Circuit, as supplemented, for further proceedings.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of March, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Walter H. Cary, III